FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E D N Y

★ DEC 18 2009 ★

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SALAH ANANI, Individually and on     BROO
Behalf of All Other Persons Similarly Situated,

CV09 - 5535

                              Plaintiff,

                                            :     **COMPLAINT AND**
              -against-                     :     **JURY DEMAND**
                                            :
CVS RX SERVICES, INC.,                      :
                                            :
                              Defendant.    :
-----------------------------------------------------------X

SPATT, J.

TOMLINSON, M.J.

## INTRODUCTION

This action is brought on behalf of all "pharmacists" and individuals holding comparable positions with different titles employed by CVS Rx Services, Inc. ("Defendant" or "CVS") within the United States. Defendant failed to pay them for all hours worked by them as well as overtime pay for hours above 40 in a workweek.

## NATURE OF THE ACTION

1.      Plaintiff alleges on behalf of himself and other current and former pharmacists and similarly situated current and former employees holding comparable positions with different titles, employed by Defendant in the United States, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (the "Collective Action Class"), that they are: (i) entitled to unpaid wages from Defendant for all hours worked by them as well as for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2.      Plaintiff further complains, pursuant to Fed.R.Civ.P. 23, on behalf of himself and a class of other similarly situated current and former pharmacists employed by Defendant

1

within the State of New York (the "New York Labor Law Class"), that they are entitled to back wages from Defendant for all hours worked by them as well as for overtime work for which they did not receive overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

3.      Jurisdiction over Plaintiff's FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.      This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act ("CAFA").  The parties are diverse and the amount in controversy exceeds $5,000,000, exclusive of interest and costs).

5.      Upon information and belief, at least one member of the proposed class is a citizen of a state different from that of the Defendant.

6.      Plaintiff's claims involve matters of national or interstate interest.

7.      Defendant is subject to personal jurisdiction in New York.

8.      This Court also has jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367, since it is so related to his FLSA claim that it forms part of the same case or controversy.

9.      Venue is proper in this district pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to the claims occurred in this District.

10.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

11.     Plaintiff Salah Anani was, at all relevant times, an adult individual, residing in Selden, New York.

12.     Plaintiff Salah Anani was employed by Defendant from in or about November 2000 until July 2009 at various locations in New York, including Huntington, West Islip, East Islip, Central Islip, East Hampton and South Hampton.

13.     Plaintiff worked in excess of forty (40) hours per workweek, without receiving wages from Defendant for all hours worked by him as well as overtime compensation as required by federal and state laws.

14.     Upon information and belief, Defendant, CVS, is a Delaware corporation with its principal place of business in Woonsocket, Rhode Island, that operates over 5,000 pharmacy retail stores nationwide. Defendant was and is doing business in New York, including Nassau and Suffolk Counties.

## COLLECTIVE ACTION ALLEGATIONS

15.     Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant in the United States at any time since December 17, 2006 to the entry of judgment in this case (the "Collective Action Period"), as pharmacists and other comparable positions with different titles, who were non-exempt employees within the meaning of the FLSA, who did not receive compensation for all hours worked by them and did not receive any overtime (the "Collective Action Members").

16.     This Collective Action Class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on

3

which the calculation of that number is dependent are presently within the sole control of the Defendant, upon information and belief, there are at least 300 members of the Collective Action class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

17.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of wage and hour law and class action litigation.  Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

18.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

19.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members.  Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

        a.  whether the Defendant employed the Collective Action Members within the meaning of the FLSA;

b. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

c. whether Defendant failed to pay the Collective Action Members for all of the hours worked by them as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

d. whether Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA; and

e. whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees.

20. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

21. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

22. Plaintiff brings his New York Labor Law claim on behalf of all persons who were employed by Defendant at any time since December 17, 2003 in the State of New York, to the entry of judgment in this case (the "Class Period"), who held the position of pharmacist and other comparable positions with different titles, who were non-exempt employees within the meaning of the New York Labor Law and who have not been paid for all hours worked by them as well as overtime wages in violation of the New York Labor Law (the "Class").

23. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are at least 150 members of the Class during the Class Period.

24. The claims of Plaintiff are typical of the claims of the Class and a class action is superior to other available methods for the fair and efficient adjudication of the controversy -- particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a defendant.

25. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

26. Plaintiff is committed to pursuing this action and have retained competent counsel experienced in wage and hour law and class action litigation.

27. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

28. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a. whether the Defendant employed the members of the Class within the meaning of the New York Labor Law;

    b. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

6

c.  whether Defendant failed and/or refused to pay the members of the Class for all of the hours worked by them, as well as premium pay for hours worked in excess of forty hours per workweek within the meaning of the New York Labor Law;

d.  whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees; and

e.  whether Defendant should be enjoined from violating the New York Labor Law in the future.

## STATEMENT OF FACTS

29.   Defendant is a pharmacy retail store that operates over 5,000 stores nationwide.

30.   At all relevant times, Plaintiff was employed as a pharmacist for Defendant.

31.   At all relevant times, Plaintiff was paid by the hour.

32.   Plaintiff's activities while at work included but were not limited to, filling prescriptions, taking care of inventory, working the cash register, and helping customers find products.

33.   Plaintiff's work was performed for the benefit of the Defendant, in the normal course of the Defendant's business and was integrated into the business of the Defendant.

34.   The work performed by Plaintiff did not include managerial responsibilities or the exercise of independent judgment.

35.   Plaintiff often worked in excess of 40 hours a week, yet the Defendant willfully failed to pay him for all hours worked, as well as overtime compensation of one and

7

one-half times their regular rate of pay in violation of the FLSA and the New York Labor Law. Upon information and belief, it is Defendant's uniform policy and procedure not to pay all similarly situated employees for all hours worked by them, as well as overtime compensation.

36.     Plaintiff Salah Anani was employed as a pharmacist by the Defendant from in or about November 2000 until July 2009. Throughout that time and, upon information and belief, both before that time (throughout the Collective Action/Class Period) and continuing until today, Defendant has likewise employed other individuals, like the Plaintiff (the Collective Action Members/the Class) as pharmacists and other comparable positions with different titles, whose duties and responsibilities do not include any managerial responsibilities or the exercise of independent judgment.

37.     Such individuals have worked in excess of 40 hours a week, yet Defendant has likewise willfully failed to pay them for all hours worked as well as overtime compensation of one and one-half times their regular rate of pay in violation of the FLSA and the New York Labor Law. As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of Defendant and can be ascertained through appropriate discovery.

38.     Upon information and belief, the Plaintiff and the Collective Action Members and the Class were paid on an hourly basis by the Defendant.

39. Upon information and belief, throughout all relevant time periods, while Defendant employed Plaintiff and the Collective Action Members/the Class, Defendant failed to maintain accurate and sufficient time records.

## FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

40.     Plaintiff, on behalf of himself and all Collective Action Members, realleges and incorporates by reference paragraphs 1 through 39 as if they were set forth again herein.

41.     At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

42.     At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

43.     Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000.

44.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

45.     At all relevant times, Defendant had a policy and practice of refusing to pay overtime compensation to their pharmacists and similarly situated employees in comparable positions but having different titles, for hours worked in excess of forty hours per workweek, notwithstanding that these employees were paid on an hourly basis.

46.     As a result of Defendant's willful failure to compensate its employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, as well as for all hours worked by them, Defendant has violated and, continues to violates, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

47.     Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of

9

employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

48.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

49.     Due to Defendant's FLSA violations, Plaintiff, on behalf of himself and the Collective Action Members, is entitled to recover from Defendant, his unpaid wages for all of the hours worked by him as overtime compensation, an additional and equal amount as liquidated damages for Defendant's willful violations of the FLSA, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF: <br> NEW YORK LABOR LAW

50.     Plaintiff, on behalf of himself and the members of the Class, realleges and incorporates by reference paragraphs 1 through 39 as if they were set forth again herein.

51.     At all relevant times, Plaintiff and the members of the Class were employed by Defendant within the meaning of the New York Labor Law §§ 2 and 651.

52.     Defendant willfully violated Plaintiff's rights and the rights of the Class, by failing to pay them for all hours worked, as well as for overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, notwithstanding that Plaintiff and the Class were paid on an hourly basis by Defendant.

53.     Defendant's New York Labor Law violations have caused Plaintiff and the Class irreparable harm for which there is no adequate remedy at law.

54.     Due to Defendant's New York Labor Law violations, Plaintiff and the Class are entitled to recover from Defendant their unpaid wages for all hours worked, overtime compensation, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).   Plaintiff waives all claims for liquidated damages pursuant to New York Labor Law.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully request that this Court grant the following relief:

a.     Certification of this action as a class action pursuant to Fed.  R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b.     Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members and tolling of the statue of limitations;

c.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d.     An injunction requiring Defendant to cease its unlawful practices under, and to comply with, the New York Labor Law;

11

e.    An award of unpaid wages for all hours worked as well as overtime compensation due under the FLSA and the New York Labor Law;

f.    An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C. § 216 only;

g.    An award of prejudgment and post-judgment interest;

h.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

i.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated:   Rye Brook, New York
         December 17, 2009

By: _____
    Fran L. Rudich

    Jeffrey A. Klafter
    Seth R. Lesser
    Fran L. Rudich
    KLAFTER, OLSEN & LESSER LLP
    Two International Drive, Suite 350
    Rye Brook, New York 10573
    Telephone: (914) 934-9200

    Bradley I. Berger
    BERGER ATTORNEY, P.C.
    321 Broadway
    New York, New York 10007
    Telephone:  (212) 571-1900

    **ATTORNEYS FOR PLAINTIFF**