**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SALAH ANANI, Individually and on Behalf of All Other Persons Similarly Situated, | ) ) ) |
| | ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| CVS RX SERVICES, INC., | ) ) |
| Defendant. | ) |

CV 09-05535 (ADS) (AKT)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

October 15, 2010

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS..................................................................................................... i

TABLE OF AUTHORITIES .............................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................1

RELEVANT FACTUAL SUMMARY .............................................................................2

ARGUMENT .....................................................................................................................4

LEGAL STANDARD FOR SUMMARY JUDGMENT....................................................4

POINT I – PLAINTIFF'S NEW YORK LABOR LAW CLAIM MUST BE DISMISSED .........4

POINT II – PLAINTIFF WAS PROPERLY CLASSIFIED AS AN EXEMPT EMPLOYEE
UNDER THE LEARNED PROFESSIONAL EXEMPTION ...........................................5

    A.    Learned Profession Exemption ........................................................................5

        1.    Salary Basis Test........................................................................6

            a.    Plaintiff's Minimum Guaranteed Base Salary was a
Predetermined Amount Not Dependent on the Hours Plaintiff
Worked...............................................................................7

            b.    Plaintiff's Guaranteed Salary was Not Subject to Any Improper
Deductions ........................................................................8

            c.    The Additional Compensation Paid to Plaintiff for Hours
Worked Over Base Comports with the DOL's Salary Basis
Test....................................................................................9

    B.    Plaintiff's Reasonable Relationship Argument Relies On An Inapplicable
Regulation, Undermines The Foregoing Authority, And, In Any Event, Has
No Application On This Record .......................................................................10

POINT III – PLAINTIFF WAS PROPERLY CLASSIFIED AS AN EXEMPT EMPLOYEE
UNDER THE HIGHLY COMPENSATED EMPLOYEE EXEMPTION.......................17

POINT IV – STATUTE OF LIMITATIONS LIMITED TO TWO YEARS UNDER FLSA ......18

CONCLUSION................................................................................................................19

# TABLE OF AUTHORITIES

*Aaron v. City of Wichita*
54 F.3d 652 (10th Cir. 1995) .........................................................8

*Acs v. Detroit Edison Co.*
444 F.3d 763 (6th Cir. 2006) ........................................................9

*Anderson v. Liberty Lobby Inc.*
477 U.S. 242 (1986) ......................................................................4

*Anunobi v. Eckerd Corp.*
2003 WL 22368153 (W.D. Tex. Oct. 17, 2003) .....................1, 9, 19

*Arrington v. City of Macon*
973 F. Supp. 1467 (M.D. Ga. 1997) ............................................10

*Borda v. Sandusky Limited*
850 N.E.2d 766 (Ohio App. 2006)................................12, 15, 16

*Brock v. Claridge Hotel & Casino*
846 F.2d 180 (3d Cir. 1988)....................................................12, 13

*Brooklyn Savings Bank v. O'Neil*
324 U.S. 697 (1945)......................................................................16

*Caperci v. Rite Aid Corp.*
43 F. Supp. 2d 83 (D. Mass. 1999) ......................................1, 9, 19

*Celotex Corp. v. Catrett*
477 U.S. 317 (1986).......................................................................4

*Davis v. Lenox Hill Hospital*
2004 WL 1926087 (S.D.N.Y. Aug. 31, 2004) ...............................5

*Dingwall v. Friedman Fisher Associates*
3 F. Supp. 2d 215 (N.D.N.Y. 1998) .............................................5

*Giordano v. City of New York*
274 F.3d 740 (2d Cir. 2001)..........................................................4

*Harlen Associates v. Incorporated Village of Mineola*
273 F.3d 494 (2d Cir. 2001)..........................................................8

*Hogan v. Allstate Insurance Co.*
361 F.3d 621 (11th Cir. 2004) .................................................10, 16

*Kennedy v. Commonwealth Edison Co.*
252 F. Supp. 2d 737 (C.D. Ill. 2003) ........................................6, 10

*Knight v. U.S. Fire Insurance Co.*
804 F.2d 9 (2d Cir. 1986)...............................................................4

*McGuire v. City of Portland*
159 F.3d 460 (9th Cir. 1998) .........................................................7

*Michigan Association of Governmental Employees v. Michigan Department of Corrections*
992 F.2d 82 (6th Cir. 1993) ..........................................................10

*Palazzolo-Robinson v. Sharis Management Corp.*
68 F. Supp. 2d 1186 (W.D. Wash. 1999)......................................7

*Rooney v. Town of Groton*
577 F. Supp. 2d 513 (D. Mass. 2008) ..........................................7

*Spradling v. City of Tulsa*
95 F.3d 1492 (10th Cir. 1996) .......................................................7

*Torres v. Gristede's Operating Corp.*
    2006 WL 2819730 (S.D.N.Y. Sept. 29, 2006)....................................................................5
*Wright v. Aargo Security Services, Inc.*
    2001 WL 91705 (S.D.N.Y. Feb. 2, 2001)..............................................................12, 14
*York v. City of Wichita Falls*
    944 F.2d 236 (5th Cir. 1991) ...............................................................................9


12 N.Y.C.R.R. § 142-214(c)(4)(iii) .........................................................................5
29 C.F.R. § 541.119(a)................................................................................................13
29 C.F.R. § 541.300(a)................................................................................................6
29 C.F.R. § 541.301(a)................................................................................................5
29 C.F.R. § 541.601(a)................................................................................................17
29 C.F.R. § 541.601(b)(1)...........................................................................................17
29 C.F.R. § 541.601(c)................................................................................................17
29 C.F.R. § 541.602(a)................................................................................................2, 6
29 C.F.R. § 541.604(a)..........................................................................................9, 11, 16
29 C.F.R. § 541.604(b)...............................................................................................11
29 U.S.C. § 255(a) ...............................................................................................18, 19
Fed. R. Civ. P. 1 .....................................................................................................4
Fed. R. Civ. P. 56(c) ...............................................................................................4
Portal to Portal Act of 1947 .................................................................................19

**PRELIMINARY STATEMENT**

Plaintiff Salah Anani, a full-time, licensed pharmacist who was paid an annual salary of over $100,000 in each year during his employment with Defendant CVS Rx Services, Inc. ("Defendant" or "CVS"), now claims that he was improperly classified as exempt under the Fair Labor Standards Act ("FLSA") and is entitled to back overtime wages. Plaintiff, however, was subject to not one but two exemptions recognized by the Department of Labor's ("DOL") regulations to the FLSA: the learned professional exemption and the highly compensated employee exemption. Although Plaintiff admits that his qualifications and duties met the duties test of the learned professional exemption, he incorrectly claims that the number of hours that he worked beyond his expected workweek and the additional compensation CVS paid him rendered these exemptions inapplicable to him.

The FLSA, the Department of Labor's ("DOL") supporting regulations, and the overwhelming body of caselaw authorize the manner in which CVS compensated Plaintiff throughout his employment. Plaintiff was paid a base annual salary, which was not subject to deductions for working fewer than his base scheduled hours. When Plaintiff worked more than his base scheduled hours, he was paid additional compensation for each extra hour (at a rate based on his base annual salary plus an additional premium).

This compensation method has been challenged under the FLSA and upheld. *See Caperci v. Rite Aid Corp.*, 43 F. Supp. 2d 83, 96 (D. Mass. 1999) (concluding that Rite Aid's "policy of paying overtime to pharmacists who work more than their regularly scheduled hours does not defeat the professional exemption"); *Anunobi v. Eckerd Corp.*, 2003 WL 22368153, at *5-6 (W.D. Tex. Oct. 17, 2003) (because the additional compensation is consistent with meeting the salary basis test, the fact that plaintiff received an additional $5 per hour for hours worked

beyond 42 or 40 hours as "premium pay" does not negate his exempt salary status).  Moreover, the DOL regulations and the overwhelming body of caselaw support the practice of paying additional compensation on an hourly basis to exempt salaried employees without violating the salary basis test and eviscerating the exemption from the overtime provisions of the FLSA.  29 C.F.R § 541.604(a).

In an effort to circumvent these exemptions, Plaintiff urges that the Court rely on an inapplicable regulation and advances an incorrect legal theory inapplicable to highly compensated employees or pharmacists.  Plaintiff contends that the additional compensation he received for choosing to work hours over his base schedule – hours for which he was compensated at a premium rate – caused CVS to violate the salary basis test.  As demonstrated below, Plaintiff's theory has no support in law and Defendant is entitled to judgment as a matter of law.

## RELEVANT FACTUAL SUMMARY

There is no dispute in this case that Plaintiff's professional qualifications and job duties while employed by CVS as a pharmacist met the duties required of a learned professional. Defendant's Separate Statement of Undisputed Material Fact ("SUMF") at ¶ 4.  Instead, Plaintiff argues that the manner in which he was compensated violated the FLSA.

At all relevant times during his employment, Plaintiff was classified as an exempt employee.  SUMF, ¶ 8.  CVS always paid Plaintiff a guaranteed minimum annual base salary on a bi-weekly basis.  *Id.*  Plaintiff agreed to and was expected to work a base schedule of 44 hours each week, known as "base hours."  *Id.* at ¶¶ 5, 9.  His base hours were determined by assessing a number of factors including the store's hours of operation, whether night shifts were required and whether and to what extent the store required an overlap in pharmacists' schedules.  *Id.* at ¶ 9.

2

In correspondence to Plaintiff in November 2003, CVS memorialized this agreement regarding the manner in which Plaintiff was paid as follows:

> CVS considers its full-time pharmacists as salaried professionals. Your annual salary will be $100,031.00 based on a 44 hour workweek.

*Id.* at ¶ 5, Def.'s Ex. 2.

During the relevant time period, no deductions were made to Plaintiff's base bi-weekly salary for missed days of work or any other reason.  *Id*. at ¶ 12.  As long as Plaintiff worked at least one hour in a given workweek, CVS paid him his minimum base salary.  *Id*. at ¶ 9.

CVS also paid Plaintiff additional compensation for hours he worked over his expected number of base hours (*i.e.*, for hours over 44 hours in any one work week).  *Id*. at ¶ 10.  To determine the rate at which this additional compensation was paid, Plaintiff's weekly base salary was broken down into a "Compensation Rate," which was determined by dividing his weekly base salary by his regular base hours (44).  Plaintiff's Compensation Rate was $63.64 per hour at the time of his resignation.  *Id*. at 11.

Plaintiff's minimum guaranteed base weekly salary from 2003 until his resignation in 2009 was as follows:

| Dates | Annual Salary | Weekly Base Salary | Compensation Rate For Purposes of Add'l Compensation |
|---|---|---|---|
| 11/2003 – 07/2004 | $107,536.00 | $2,068.00 | $47.00 |
| 08/2004 – 11/2004 | $112,272.16 | $2,159.08 | $49.07 |
| 11/2004 – 06/2005 | $114,560.16 | $2,203.08 | $50.07 |
| 06/2005 – 07/2005 | $125,840.00 | $2,420.00 | $55.00 |
| 07/2005 – 08/2005 | $128,128.00 | $2,464.00 | $56.00 |
| 08/2005 – 02/2006 | $132,704.00 | $2,552.00 | $58.00 |
| 02/2006 – 07/2006 | $121,264.00 | $2,332.00 | $53.00 |
| 07/2006 – 04/2007 | $127,624.00 | $2,454.32 | $55.78 |
| 04/2007 – 07/2007 | $133,344.64 | $2,564.32 | $58.28 |

| Dates | Annual Salary | Weekly Base Salary | Compensation Rate For Purposes of Add'l Compensation |
|---|---|---|---|
| 07/2007 – 07/2008 | $139,339.20 | $2,679.60 | $60.90 |
| 07/2008 – 07/2009 | $145,608.32 | $2,800.16 | $63.64 |

*Id.* at 11.

## ARGUMENT

## LEGAL STANDARD FOR SUMMARY JUDGMENT

The purpose of summary judgment is to dispose of meritless claims before engaging in a costly trial. *See Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11-12 (2d Cir. 1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also* Fed. R. Civ. P. 1. Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Giordano v. City of New York*, 274 F.3d 740, 746 (2d Cir. 2001) (quoting *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986)). An issue of fact is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." 274 F.3d at 746-47.

## POINT I

## PLAINTIFF'S NEW YORK LABOR LAW CLAIM MUST BE DISMISSED

Although Plaintiff initially brought this action pursuant to the FLSA and New York Labor Law ("NYLL") (*see* Docket Entry No. 1 at ¶¶ 1-2), he has agreed subsequently that he meets the duties test and therefore has conceded his New York Labor Law claims.

Specifically, unlike the FLSA, the professional exemption under New York law does not contain a salary test – only a duties test.  *See* 12 N.Y.C.R.R. § 142-214(c)(4)(iii); *Dingwall v. Friedman Fisher Assocs.*, 3 F. Supp. 2d 215, 220-21 (N.D.N.Y. 1998) ("New York law differs from federal law … in that to establish the exception, the employer need not satisfy a 'salary' test, only a duties test."); *Torres v. Gristede's Operating Corp.*, 2006 WL 2819730, at *13 (S.D.N.Y. Sept. 29, 2006).  If there is no dispute over the duties, as here, the state law claims must be dismissed.  *Davis v. Lenox Hill Hosp.*, 2004 WL 1926087, at *5 (S.D.N.Y. Aug. 31, 2004).

Plaintiff has repeatedly conceded that his primary duties as a licensed pharmacist met the requirements for the duties test under the FLSA and NYLL.  *See* Anani Dep. at 27:7-15; Plaintiff's Resp. to Defendant's Statement of Undisputed of Facts ¶ 4; Plaintiff's Aug. 18, 2010 letter to Hon. Arthur D. Spatt; Docket Entry Nos. 13 and 26.  Since Plaintiff is not challenging that he met the professional duties test, he does not have a cognizable NYLL claim and his state law claims must be dismissed.

## POINT II

## PLAINTIFF WAS PROPERLY CLASSIFIED AS AN EXEMPT EMPLOYEE UNDER THE LEARNED PROFESSIONAL EXEMPTION

### A.    Learned Professional Exemption

The "learned professional exemption" applies to employees whose "primary duty" is "the performance of work requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction."  29 C.F.R. § 541.301(a). To prove that Plaintiff qualified as a professional exempt employee, Defendant must show that: (1) he was "[c]ompensated on a salary … basis at a rate of not less than $455 per week" (*i.e.*, the "salary basis test") and (2) his primary duty was "the performance of work [which requires] knowledge of an advanced type in a field of science or learning customarily acquired by a

prolonged course of specialized intellectual instruction" (the "duties test").   29 C.F.R. §
541.300(a).   Plaintiff has conceded that his duties met the second prong of the professional
exemption; therefore the only issue for the Court is whether Plaintiff was compensated on a
salary basis at a rate of not less than $455 per week.  *See* Plaintiff's Aug. 18, 2010 letter to Hon.
Judge Arthur D. Spatt ("Plaintiff does not dispute that he meets the duties test for the
professional exemption…").

### 1.   Salary Basis Test

The record establishes that Plaintiff was paid a guaranteed minimum amount well over
the minimum of $455 per week on a "salary basis."  An employee is paid on a salary basis "if the
employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined
amount constituting all or part of the employee's compensation, which amount is not subject to
reduction because of variations in the quality or quantity of the work performed."  29 C.F.R. §
541.602(a).  "[W]hether or not there is any deduction in an employee's regular salary is the *sine
qua non* of the FLSA regulation defining 'salary basis.'"  *Kennedy v. Commonwealth Edison Co.*,
252 F. Supp. 2d 737, 742 (C.D. Ill. 2003).

### a.   Plaintiff's Minimum Guaranteed Base Salary was a Predetermined Amount Not Dependent on the Hours Plaintiff Worked.

Plaintiff's base salary was a predetermined amount which constituted at least part of his
actual compensation, as required by the relevant regulation.  *See* 29 C.F.R. § 541.602(a).  The
record reflects that CVS paid Plaintiff at least his base salary every two weeks.  *See* Declaration
of Danielle DiBari ("DiBari Dec.") at ¶ 5 and Exhibit 1 thereto; Deposition of Renee Hay ("Hay
Dep.") at 47:17-21, 56:1-17.  Indeed, Plaintiff's minimum guaranteed weekly base salary far
exceeded the statutorily required $455 per week minimum:

6

| Dates | Weekly Base Salary |
|---|---|
| 11/2003 – 07/2004 | $2,068.00 |
| 08/2004 – 11/2004 | $2,159.08 |
| 11/2004 – 06/2005 | $2,203.08 |
| 06/2005 – 07/2005 | $2,420.00 |
| 07/2005 – 08/2005 | $2,464.00 |
| 08/2005 – 02/2006 | $2,552.00 |
| 02/2006 – 07/2006 | $2,332.00 |
| 07/2006 – 04/2007 | $2,454.32 |
| 04/2007 – 07/2007 | $2,564.32 |
| 07/2007 – 07/2008 | $2,679.60 |
| 07/2008 – 07/2009 | $2,800.16 |

SUMF at ¶ 9.

The fact that CVS could, for accounting purposes and ease of reference, calculate Plaintiff's annual base salary into a "Compensation Rate" does not negate the fact that his base salary was guaranteed each week. Nor does it mean, as Plaintiff contends, that he was "paid" on an hourly basis. In fact, Defendant's practice is specifically contemplated by DOL regulations and upheld by numerous courts. *See Rooney v. Town of Groton*, 577 F. Supp. 2d 513, 524 (D. Mass. 2008) (fact that plaintiff listed on payroll as receiving an hourly wage not dispositive in determining whether he was compensated on a salary basis); *Palazzolo-Robinson v. Sharis Mgmt. Corp.*, 68 F. Supp. 2d 1186, 1192 (W.D. Wash. 1999) ("[A] payroll accounting system which calculates an exempt employee's [*sic*] pay on an hourly basis does not indicate that the employee was not salaried and, thus, is subject to the FLSA's minimum wage or overtime wage requirements."); *McGuire v. City of Portland*, 159 F.3d 460, 464 (9th Cir. 1998) (although fire chiefs were paid under an hourly accounting system, they were salaried employees because their base salary was not ordinarily subject to reduction for absences from work); *Spradling v. City of Tulsa*, 95 F.3d 1492, 1500 (10th Cir. 1996) (fact that pay stubs included the number of hours worked did not preclude finding that employees were paid on a salary basis, particularly in light

of the fact that salaried employees could permissibly be compensated for overtime worked and "an accounting of hours is necessary to compute overtime compensation") (quoting *Aaron v. City of Wichita*, 54 F.3d 652, 658 (10th Cir. 1995) (finding that plaintiffs salaried status was not contradicted by the "fact that their paychecks indicated the number of hours covered")).

**b.**   **Plaintiff's Guaranteed Salary was Not Subject to Any Improper Deductions.**

The undisputed record demonstrates that Plaintiff was paid a minimum guaranteed salary each week, regardless of how much time he worked and that was never subject to deduction for the quality or quantity of time worked.  SUMF at ¶¶ 9, 12.  Plaintiff has adduced no evidence that he was paid less than his base salary during any relevant pay period.  Nor has he provided any evidence that his compensation was reduced because of the quality or quantity of the work performed.

In fact, all that Plaintiff has offered in support of his claim is his mere speculation that he thinks he would have been paid less than his base salary if he worked fewer than his base hours.  *See* Anani Dep. at 226:14-20 ("My understanding was always if I, I get paid only for so much work I do.  If I work ten hours, I get paid ten hours.  If I work a hundred a hundred hours, I get paid a hundred hour.  I never keep to my mind that if I work 30, I will automatically get 44.  That never came to my mind that this could be a case.").  Plaintiff admits that his theory about how he was paid was merely his assumption and belief and has pointed to no policy or record or pay check to support it.  *Id.* at 226:21-25, 227:2-15.  *See Harlen Assocs. v. Inc. Village of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001) ("mere speculation and conjecture is insufficient to preclude the granting of the motion").

      **c.**     **The Additional Compensation Paid to Plaintiff for Hours Worked Over Base Comports with the DOL's Salary Basis Test.**

Moreover, Plaintiff's additional compensation on an hourly basis for the hours that he worked over his base hours comports with the DOL's salary basis test.   The relevant DOL regulation, 29 C.F.R § 541.604(a), states:

> An employer may provide an exempt employee with additional compensation without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly-required amount paid on a salary basis....   Similarly, the exemption is not lost if an exempt employee who is guaranteed at least $455 each week paid on a salary basis also receives additional compensation based on hours worked for work beyond the normal workweek.   Such additional compensation may be paid on any basis (*e.g.*, flat sum, bonus payment, straight-time hourly amount, time and one-half or any other basis), and may include paid time off.

Thus, an employer may pay an exempt professional additional compensation, including compensation for overtime hours, without violating the salary basis requirement. *See id*.; *York v. City of Wichita Falls*, 944 F.2d 236, 242 (5th Cir. 1991) (holding that "[p]aying an hourly rate for each hour worked beyond the regular schedule" does not violate the salary basis requirement).

Payment of additional compensation in addition to a salary, even when computed on an hourly basis, is not only recognized in the DOL's regulations, but also has been upheld repeatedly.   *See Acs v. Detroit Edison Co.*, 444 F.3d 763, 768 (6th Cir. 2006) (holding that payments of "'straight-time' overtime compensation" to exempt employees does not violate the salary basis test); *Caperci*, 43 F. Supp. 2d at 96 (concluding that Rite Aid's "policy of paying overtime to pharmacists who work more than their regularly scheduled hours does not defeat the professional exemption"); *Anunobi*, 2003 WL 22368153 at *5-6 (because the additional compensation is consistent with meeting the salary basis test, the fact that plaintiff received an additional $5 per hour for hours worked beyond 42 or 40 hours as "premium pay" does not

negate his salary status); *Hogan v. Allstate Ins. Co.*, 361 F.3d 621, 625-26 (11th Cir. 2004) (rejecting argument sales agents were not paid on a salary basis because their compensation – sometimes 15 times the amount of plaintiffs' guarantee – fluctuated based on the number of policies sold and stating "as long as there is a non-deductible minimum, additional compensation on top of the non-deductible salary is permissible"); *Arrington v. City of Macon*, 973 F. Supp. 1467, 1472 (M.D. Ga. 1997) ("The public policy which permits the requirement that exempt employees keep track of their hours logically extends to justifying the payment of additional compensation by reference to additional hours worked."); *Mich. Ass'n of Gov. Employees v. Mich. Dep't of Corrs.*, 992 F.2d 82, 84 (6th Cir. 1993) (holding employees were exempt where they received a predetermined amount each pay period but received additional compensation for work in excess of 80 hours); *Kennedy*, 252 F. Supp. 2d at 742 (finding a bonus program based on quantity of work did not remove the employee's exempt status).

Plaintiff's only argument is that his compensation did not comport with the salary basis test because his actual compensation was not reasonably related to his base compensation. His argument is without merit, relies on an inapplicable regulation, and directly contradicts the authority cited above.

### B.    Plaintiff's Reasonable Relationship Argument Relies On An Inapplicable Regulation, Undermines The Foregoing Authority, And, In Any Event, Has No Application On This Record.

In the face of the foregoing authority specifically authorizing the manner in which CVS classified Plaintiff, Plaintiff urges a misinterpretation of the salary basis test. Specifically, Plaintiff asserts that because he frequently chose to work significant numbers of hours over his expected base hours – hours for which he was properly compensated – his actual compensation bore no "reasonable relationship" to his guaranteed salary, simply because in some cases

Plaintiff's total compensation exceeded his guaranteed base.  Plaintiff claims that since his total compensation (*i.e.*, guaranteed base salary plus additional compensation) exceeded his guaranteed base salary in some years (*see* Plaintiff's Aug. 18, 2010 letter to Hon. Arthur D. Spatt), there could be no reasonable relationship between the two figures.

Plaintiff rests his argument on 29 C.F.R. § 541.604(b), which states:

> An exempt employee's earnings may be computed on an hourly, a daily or a shift basis, without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly required amount paid on a salary basis regardless of the number of hours, days or shifts worked, and a reasonable relationship exists between the guaranteed amount and the amount actually earned.  The reasonable relationship test will be met if the weekly guarantee is roughly equivalent to the employee's usual earnings at the assigned hourly, daily or shift rate for the employee's normal scheduled workweek.

Plaintiff's argument fails because he relies on a regulation that has no application to Plaintiff Anani.  As explained above, Plaintiff Anani was paid on an annual salary basis, and was paid additional compensation, as specifically permitted by 29 C.F.R. § 541.604(a).  Section 541.604(b), on which Plaintiff relies, only applies when an exempt employee's **total earnings** are computed and paid on an hourly, daily or shift basis.

Even if Section 541.604(b) bears any application in this case, which by its clear language it does not, following Plaintiff's theory is flawed in at least two assumptions – neither of which is supported by law.  First, one must assume that the <u>only</u> way to establish a reasonable relationship between an employee's guaranteed and actual compensation is if the two are "roughly equivalent."  Neither the regulations nor any interpreting case law support this inference. The plain language of the regulation suggests that rough equivalency is <u>sufficient</u> to meet the reasonable relationship test – not that it is <u>necessary or required</u>.  Second, Plaintiff's argument

11

would render meaningless the regulations discussed above permitting the payment of additional compensation for salaried exempt employees when the additional compensation is more than nominal.  Indeed, numerous courts have determined that compensation systems that award substantial additional compensation (even if paid on a lump sum, hourly, or commission basis) beyond the base minimum guaranteed salary do not cause the compensation system to violate the salary basis test.

Plaintiff has identified only three cases, none of which is binding on this Court, in support of his theory: *Brock v. Claridge Hotel & Casino*, 846 F.2d 180 (3d Cir. 1988); *Wright v. Aargo Security Servs., Inc.*, 2001 WL 91705 (S.D.N.Y. Feb. 2, 2001); and *Borda v. Sandusky Ltd.*, 850 N.E.2d 766 (Ohio App. 2006).  Although all three cases reference the relationship between an employee's base salary and his actual compensation, none provides direct support to Plaintiff's theory as none of them assesses the ratio of guaranteed to actual compensation in isolation.  To the contrary, in all three cases, the courts evaluated the totality of the circumstances to determine if the employer used a sham base salary to circumvent the FLSA's overtime requirements.

Plaintiff's argument flows from *Brock*, in which the Third Circuit affirmed the trial court's determination that the employer's compensation scheme for its supervisors violated the salary basis test.   *Brock*, however, does not support the conclusion that the salary basis determination can be made by looking only at the ratio of guaranteed to actual compensation. Instead, the Court noted that the underlying issue in the case was "whether an <u>otherwise hourly wage</u> can be transformed into payment on a salary basis within the meaning of the regulations by virtue of the guaranteed minimum weekly payment." *Brock*, 846 F.2d at 184 (emphasis added).

The *Brock* Court had good reason to believe that the wage payment at issue was "hourly," not salaried. Casino supervisors employed by Defendant were assigned a guarantee of $250 per week – exactly the minimum amount required for exemption under the FLSA regulations at that time. *Id.* at 182; *see* 29 C.F.R. § 541.119(a) (superseded). A supervisor's actual pay each week varied depending on the number of hours actually worked and the supervisor's hourly rate. For example, if a supervisor's hourly rate was $20 per hour, and the supervisor worked 40 hours, the supervisor earned $800 for the week, $250 of which was guaranteed:

> [A] supervisor paid at (for example) $20 per hour achieves his "salary" after twelve and one-half hours; if that supervisor receives a raise to $25 per hour, he then achieves the same "salary" after ten hours. The better paid the supervisor, the less protection the "salary" provides. Simply, the guarantee bears no relation to the method of paying the supervisor.

*Id.* (footnote omitted).

The supervisors were not entitled to overtime although they regularly worked over 40 hours each week and deductions for voluntary absences were made to their salaries according to the number of hours the employee's missed by leaving early. *Id.* at 182. On these facts, the Court upheld the district court's determination that the "guaranteed" payment was "nothing more than an illusion." *Id.* at 183. Based on the foregoing, the Court noted, "[t]hat a minimum payment unrelated to an employee's income is that employee's "salary" stretches the common understanding of the term out of proportion." *Id.* at 185.

Here, unlike in *Brock*, Plaintiff's guaranteed salary was inextricably intertwined with his actual compensation. In this case, if Plaintiff only worked his regularly scheduled base hours (44), his base salary represented exactly what he would have received. More importantly, if Plaintiff worked only one hour in a given week, his base salary represented exactly what he would have received. Plaintiff's base salary was legitimately predetermined, guaranteed, and

13

fluctuated to reflect merit increases or other changes in salary.  It was not some arbitrary figure implemented solely to circumvent the FLSA's overtime requirements.  That Plaintiff also received additional compensation – the calculation of which was a direct function of his base salary (and thus the epitome of "reasonably related" to his base salary) – does not change this analysis.

In contrast to *Brock*, the *Wright* Court held that the compensation scheme at issue did meet the salary basis test.  2001 WL 91705 at *5.  In *Wright*, the plaintiff was paid a base, predetermined salary (based on a 40 hour workweek).  Plaintiff testified, however, that he actually worked 80 to 100 hours per week, and was paid additional compensation of between $210 and $240 per week depending upon the applicable hourly rate.  *Id.* at *6.  The court held that the record afforded no basis upon which to conclude that the plaintiff's additional compensation was so disproportionate to his weekly base pay as to "preclude a conclusion that his base pay was legitimate and 'predetermined.'"  *Id*. at *6.  In reaching this conclusion, the Court noted multiple factors including the fact that plaintiff was always paid the full amount of his base compensation which never varied depending on his hours.  *Id.*

*Wright* provides a unique perspective on the theory advanced by Plaintiff in the instant case.  In *Wright*, the plaintiff alleged that he worked approximately 40-60 hours above 40 each week.  The court found that paying the plaintiff additional compensation for those additional hours remained reasonably related to the guaranteed minimum salary and did not violate the salary basis test.  In the instant case, Plaintiff Anani alleges that he worked a similar number of hours above forty in each week.  The reason that the Plaintiff Anani's total compensation bears a different ratio to his guaranteed base minimum salary than the plaintiff in *Wright* is because Plaintiff Anani is a highly compensated employee and any additional compensation (paid by the

hour) is greater than the additional compensation plaintiff in *Wright* received. Essentially, Plaintiff Anani urges a construction of the DOL's regulation that would approve of paying him no additional or only nominal compensation beyond his minimum salary for hours worked over his base hours, (or disapprove of paying him the additional compensation for the hours he worked over his base hours) so as to maintain a "closer" relationship with his base. This demonstrates how Plaintiff has attempted to turn an inapplicable regulation on its head.

Finally, in *Borda*, after evaluating a number of factors, the Ohio Court of Appeals concluded that the "guaranteed" base paid to appellees was nothing more than a sham. *See* 850 N.E.2d at 770-71. The Court noted four factors it used in reaching in reaching its conclusion that plaintiffs were more properly described as hourly employees. First, the Court noted the manner in which similarly-situated workers were paid both before and after the relevant time period. Before the relevant time period, appellant was owned by Chrysler and the position at issue was an hourly position in which appellees were paid time and a half. *Id.* Shortly after the relevant time period, appellant underwent a reorganization which resulted in equivalent positions again being classified as hourly positions. *Id.* Hence, it was only during a "circumscribed and isolated period that workers doing the same work that appellees did were classified as salary workers." *Id.* Second, the appellees never worked less than a 40-hour week which resulted in their wages directly correlating to the number of hours that they worked. Third, the Court noted that the appellees' minimum base salary amounted to only 80% of their total earnings such that the reasonable relationship test was not met. *Id.* at 770. Finally, the employer never had to pay appellees their "guaranteed" minimum. *Id.* at 771. Notably, at Christmas, appellant's plant shut down. *Id.* Instead of being able to take advantage of their alleged "guaranteed" minimum "salary," "appellees were forced to choose between going to work, with little or nothing to do;

taking the time off as paid vacation; or taking the time off without pay." *Id*. The Court concluded, "[w]hen considering the totality of the circumstances in this case, appellant's characterization of appellees' base pay as 'salary' appears to have been nothing more than an improper attempt to circumvent the federal and state overtime requirements." *Id*. at 770-71.

As the authority cited by Plaintiff demonstrates, a high ratio of actual compensation to guaranteed compensation does not violate the FLSA, even when analyzed under 29 C.F.R. § 541.604(b). It is but one factor among several to consider in determining whether base salary is legitimate and compliant with the salary basis test.

Here, the record taken as a whole, affords no basis upon which one could conclude that Plaintiff's base pay was not legitimate and predetermined. Indeed:

- Plaintiff's weekly base pay was always greater than the statutory minimum of $455 per week;
- Plaintiff was entitled to his base salary in any week in which he worked one hour;
- Plaintiff cannot identify a single instance in which his base was not paid; and
- Plaintiff's base pay was not subject to any improper deductions.
- Plaintiff's additional compensation was paid in a manner deemed permissible by the DOL and caselaw interpreting the regulations as they relate to pharmacists.

Moreover, Plaintiff Anani's strangled interpretation of the FLSA loses sight of the purpose of the statute – to protect low-paid workers. *Hogan*, 361 F.3d at 625 ("In other words, the [FLSA] was designed to 'aid the unprotected, unorganized, and lowest paid of the nation's working population; that is, those employees who lacked sufficient bargaining power to secure for themselves a minimum subsistence wage.'") (quoting *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 707 n.18)) (1945)). Instead, Plaintiff's theory strains the reasonable intention of both the statute and the regulations, and, ironically, would incentivize employers to eliminate or dramatically reduce the potential incentive additional compensation paid to employees like Plaintiff.

## POINT III

## PLAINTIFF WAS PROPERLY CLASSIFIED AS AN EXEMPT EMPLOYEE UNDER THE HIGHLY COMPENSATED EMPLOYEE EXEMPTION

In addition to the learned professional exemption, Plaintiff was subject to a second exemption – the highly compensated employee exemption, to which Plaintiff's "reasonable relationship" argument cannot apply.  According to the DOL's FLSA regulations, "[a] high level of compensation is a strong indicator of an employee's exempt status, thus eliminating the need for a detailed analysis of the employee's job duties."  29 C.F.R. § 541.601(c).  Therefore, under the highly compensated exemption, employees earning over $100,000 per year are exempt from the FLSA's overtime compensation requirement provided that they "customarily and regularly" perform "any one or more of the exempt duties or responsibilities of an executive, administrative or professional employee" under the FLSA.  29 C.F.R. § 541.601(a).

The regulations further provide that the employee's total annual compensation "must include at least $455 per week paid on a salary or fee basis," but may also include "commissions, nondiscretionary bonuses and other nondiscretionary compensation."  29 C.F.R. § 541.601(b)(1) (emphasis added).

Again, there is no dispute that Plaintiff earned well over $100,000 annually during the relevant time period.  *See* DiBari Dec. Exh. 1 (Plaintiff's check registers); Plaintiff's Aug. 18, 2010 letter to Hon. Arthur D. Spatt ("Plaintiff does not dispute that he … was paid in excess of $100,000 per year for the compensated exemption.").  Further, since Plaintiff concedes that he meets the primary duty test for the learned professional, there can be no dispute that he "customarily and regularly" performed one or more of the exempt duties of a professional employee.  Finally, for the reasons explained above, there is no dispute that CVS paid Plaintiff at least $455 on a salary basis – indeed, during each year of his employment CVS paid Plaintiff in

excess of $100,000 annually on a salary basis.   For these reasons, Plaintiff was properly classified as exempt from the overtime provisions of the FLSA and his claims should be dismissed.

Plaintiff's so-called "reasonable relationship" argument cannot apply here.   The reasonable relationship argument, at best, relates to the "salary basis" test, which is not incorporated under highly compensated employee exemption.   For example, an employee who is paid $455 per week on a salary basis (*i.e.*, $23,660 per year) can still qualify under the regulation for the highly compensated employee exemption as long as his total compensation for the year exceeds $100,000.   In this example, the employee has earned $76,340 in additional compensation – a more than 3:1 ratio of total compensation to base salary (far greater than the ratio about which Plaintiff now complains).   Thus, by its own terms, the highly compensated employee exemption recognizes that the "reasonable relationship" theory has no application to such an employee.   Accordingly, Defendant is entitled to judgment as a matter of law.

### POINT IV

### STATUTE OF LIMITATIONS LIMITED TO TWO YEARS UNDER FLSA

A cause of action for unpaid overtime brought under the FLSA "shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."   29 U.S.C. § 255(a).  For purposes of limitations periods applicable to violations of the FLSA, a plaintiff bears the burden of showing that an employer's violation was willful by showing that the employer either knew or showed reckless disregard as to whether its conduct was prohibited by the FLSA; thus, a negligent violation of the FLSA is not willful and a good-

faith but incorrect assumption that a pay plan complied with the FLSA is not willful.  Portal to Portal Act of 1947, § 6(a); 29 U.S.C § 255(a).

Here, Plaintiff has offered no evidence that Defendant knew or showed reckless disregard for whether its compensation plan with respects to pharmacists was prohibited by the FLSA.  To the contrary, Defendant implemented a plan used by many if not most retail pharmacies which has been upheld by multiple courts.  *See Caperci*, 43 F. Supp. 2d at 96; *Anunobi*, 2003 WL 22368153 at *5-6.  There is insufficient evidence to enable a reasonable jury to find a willful violation of the FLSA.  Accordingly, Plaintiff's claims should be subject to the two year statute of limitations.

## CONCLUSION

For the reasons stated herein, Defendant CVS Rx Services, Inc. respectfully requests that its motion for summary judgment be granted.

Dated:  Atlanta, Georgia
       October 15, 2010

*/s/ James J. Swartz, Jr.*
Nancy E. Rafuse
*Admitted Pro Hac Vice*
James J. Swartz, Jr.
*Admitted Pro Hac Vice*
Kristy G. Offitt
*Admitted Pro Hac Vice*
**ASHE, RAFUSE & HILL LLP**
1355 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309-3232
Telephone: (404) 253-6000
Facsimile: (404) 253-6060

Felice B. Ekelman (FE 5692)
**JACKSON LEWIS, LLP**
59 Maiden Lane
New York, New York 10038
Telephone: (212) 545-4000

Counsel for Defendant

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| SALAH ANANI, Individually and on Behalf of All Other Persons Similarly Situated, | ) ) ) ) | CV 09-05535 (ADS) (AKT) |
| Plaintiff, | ) ) | **CERTIFICATE OF SERVICE** |
| v. | ) ) ) | October 15, 2010 |
| CVS RX SERVICES, INC., | ) ) ) | |
| Defendant. | ) | |

      I hereby certify that on October 15, 2010, I served via the Court's Electronic Filing System the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** upon the following counsel of record:

Jeffrey A. Klafter, Esq.
Seth R. Lesser, Esq.
Fran L. Rudich, Esq.
KLAFTER, OLSEN & LESSER, LLP
Two International Drive, Suite 350
Rye Brook, New York 10573

Bradley I. Berger, Esq.
BERGER ATTORNEY, P.C.
321 Broadway
New York, New York 10007

**ASHE, RAFUSE & HILL LLP**
1355 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309-3232

*/s/ James J. Swartz, Jr.*
Counsel for Defendant