UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SALAH ANANI, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>                Plaintiff,<br><br>v.<br><br>CVS RX SERVICES, INC.,<br><br>                Defendant. | CV 09-05535 (ADS) (AKT)<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>November 19, 2010 |

      Plaintiff's response brief is noteworthy for its failure to respond to each of the arguments supporting Defendant's Motion for Summary Judgment. Plaintiff also ignores entirely the outcome-determinative application of the highly compensated employee exemption by stubbornly advocating for an unprecedented and illogical application of the "reasonable relationship" theory. The undisputed material facts establish that, as a highly compensated professional, Plaintiff was properly classified as exempt from the overtime provisions of the Fair Labor Standards Act. Accordingly, Defendant's motion for summary judgment should be granted.

      **A.**     **Plaintiff Was Subject To The Highly Compensated Employee Exemption**

      Rather than address the substance of the arguments presented by Defendant establishing the application of the highly compensated employee exemption, Plaintiff suggests an interpretation of the highly compensated exemption at odds with both the plain language of the regulation and common sense.

      CVS has established through admissible evidence and Plaintiff's admissions the following undisputed facts:

      1.     Plaintiff earned well over $100,000 per year.

> 2. Plaintiff customarily and regularly performed one or more of the exempt duties of a professional employee.
>
> 3. At least $455 per week of Plaintiff's total compensation was paid on a salary basis.

These facts establish that Plaintiff was subject to the highly compensated employee exemption. The requirements of the exemption are clear: an employee earning <u>at least</u> $100,000 per year who regularly performs any one or more of the exempt duties of a professional is exempt from the FLSA's overtime requirements. *See* 29 C.F.R. § 601(b)(1). The regulation clearly states that the total compensation paid to such an employee "must include at least $455 per week paid on a salary or fee basis." *Id.* Pursuant to the regulations, only $23,660 ($455 per week x 52 weeks) of the employee's total compensation of $100,000 need be paid on "salary basis." Thus, less than one-fourth of the minimum total compensation ($23,660 of the minimum $100,000) must be paid to a highly compensated employee on a salary basis.

In other words, the Department of Labor's FLSA regulations permit at least a three-to-one ratio of actual non-salary compensation-to-guaranteed salary compensation for highly compensated employees, who can receive as little as $23,660 in annual salary and $76,340 in extra compensation, for a total of $100,000, and qualify for the highly compensated exemption. (Obviously, the extra compensation could in fact be more than the $76,340, inasmuch as this number results in an exact total of $100,000. Therefore, the regulations contemplate a ratio higher than three to one, since the salary number is $455 per week ($23,660 per year), and the extra compensation can result in an annual salary greater than $100,000.) Plaintiff Anani's ratio never exceeded two-to-one, well within the permissible range. Plaintiff fails entirely to address this argument in his response brief at all and understandably so; it defeats his entire "theory" that the ratio of his actual to guaranteed compensation was so high that any applicable exemption

became inoperable. Plaintiff cannot argue, and does not argue, that the highly compensated exemption does not apply, as the regulations clearly contemplate this ratio.

The highly compensated exemption is not, as Plaintiff suggests, merely a relaxed duties test for employees earning over $100,000 per year. It is an acknowledgement by the DOL that "[a] high level of compensation is a strong indicator of an employee's exempt status[.]" 29 C.F.R. § 541.601(c). Moreover, within the definition of the highly compensated employee exemption, the DOL permits a three-to-one ratio of actual compensation to base compensation and explicitly states that only a portion ($455 per week) of such an employee's total compensation must be paid on a "salary basis." Plaintiff has no authority to the contrary and Defendant is entitled to judgment as a matter of law. If the Court agrees, the matter ends here.

### B. Plaintiff Was Paid On A Salary Basis

Plaintiff asserts that "the issue in the case" is whether pharmacists are paid on an hourly or salaried basis and that CVS bears the burden of demonstrating that he was paid on a salary basis. *See* Docket Entry No. 34 at 8. Defendant has established that Plaintiff's annual base compensation was guaranteed, not subject to deductions, and met all of the requirements set forth in 29 C.F.R. § 541.602 for a salary basis. *See* Defendant's Separate Statement of Undisputed Material Fact at ¶¶ 8-9 and 12.

Plaintiff nevertheless argues that he was actually paid on an hourly basis. His contention is primarily based on the fact that his actual compensation appears to be a direct function of the number of hours he worked multiplied by his assigned "compensation rate." *See* Docket Entry No. 34 at 1 ("In neither common parlance, nor within the meaning of the FLSA itself was Mr. Anani paid on a "salary" basis. Rather, the pay he received each week was calculated pursuant to simple arithmetic: by multiplying the number of hours he worked by his hourly rate.").

Although Plaintiff's calculations are accurate, his reasoning is erroneous. Indeed, the DOL's regulations and courts have specifically permitted this compensation method:

> Whenever an employer pays a salaried employee his or her weekly salary plus "additional compensation" calculated as 1/40 of the weekly salary ("straight time hourly amount") for any hours over 40, it is mathematically true that the weekly salary plus the "additional compensation" equals the straight-time rates times the total hours worked. That fact will always be the mathematical result of calculating the "additional compensation" by multiplying the "straight-time hourly amount" by the "hours worked for work beyond the normal workweek," as expressly approved by the DOL's regulations. **An employer does not violate the DOL's salary basis test by doing exactly what that salary basis test expressly authorizes.**

*Bell v. Callaway Partners, LLC*, No. 1:06 Civ. 01993 (N.D. Ga. Feb. 5, 2010) (emphasis added), *aff'd per curiam*, 2010 WL 3370611 (11th Cir. Aug. 26, 2010).

Further, Defendant has established that if Plaintiff had only worked one hour in a given week, he would have received his full salary. That Plaintiff never chose to work less than his base hours during the relevant time period does not negate this fact and is insufficient to rebut Defendant's contention that Plaintiff was in fact paid on a salary basis. *See Harlen Assocs. v. Inc. Village of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001) ("mere speculation and conjecture is insufficient to preclude the granting of the [summary judgment] motion").

Finally, Plaintiff's contention that he was not salaried because certain notations and delineations in his payroll records indicate hourly pay is also unfounded. As established in CVS's moving brief, such accounting practices are not controlling in the determination of whether an employee is paid on an hourly basis. *See Rooney v. Town of Groton*, 577 F. Supp. 2d 513, 524 (D. Mass. 2008) (fact that plaintiff listed on payroll as receiving an hourly wage not dispositive in determining whether he was compensated on a salary basis); *Palazzolo-Robinson v. Sharis Mgmt. Corp.*, 68 F. Supp. 2d 1186, 1192 (W.D. Wash. 1999) ("[A] payroll accounting

4

system which calculates an exempt employee's [*sic*] pay on an hourly basis does not indicate that the employee was not salaried and, thus, is subject to the FLSA's minimum wage or overtime wage requirements."); *McGuire v. City of Portland*, 159 F.3d 460, 464 (9th Cir. 1998) (although fire chiefs were paid under an hourly accounting system, they were salaried employees because their base salary was not ordinarily subject to reduction for absences from work); *Spradling v. City of Tulsa*, 95 F.3d 1492, 1500 (10th Cir. 1996) (fact that pay stubs included the number of hours worked did not preclude finding that employees were paid on a salary basis, particularly in light of the fact that salaried employees could permissibly be compensated for overtime worked and "an accounting of hours is necessary to compute overtime compensation") (citing *Aaron v. City of Wichita*, 54 F.3d 652, 658 (10th Cir. 1995) (finding that plaintiffs' salaried status was not contradicted by the "fact that [their] paychecks indicated the number of hours covered")).

### C. Plaintiff's Reasonable Relationship Argument Is Both Inapplicable And Unsupported By Law

Because Plaintiff was paid on a salary basis, he was subject to 29 C.F.R. § 541.604(a), which does not require that an employee's actual compensation bear a "reasonable relationship" to his base compensation. Notwithstanding, Plaintiff has put forth no additional legal authority in support of his theory that his salary did not meet the "reasonable relationship" test. He merely offers alternate interpretations of cases already cited, *Brock v. Claridge Hotel & Casino*, 846 F.2d 180 (3d Cir. 1988); *Wright v. Aargo Security Servs., Inc.*, 2001 WL 91705 (S.D.N.Y. Feb. 2, 2001); and *Borda v. Sandusky Ltd.*, 850 N.E.2d 766 (Ohio App. 2006) and quotes the same DOL Opinion Letters that he has cited previously in litigation. Plaintiff offers no authority that would apply the "reasonable relationship" test to a pharmacist or other professional earning a salary in excess of $100,000. Indeed, Plaintiff simply ignores the two cases cited by Defendant in which a similar compensation method for pharmacists was challenged and upheld. *See Caperci v. Rite*

5

*Aid Corp.*, 43 F. Supp. 2d 83, 96 (D. Mass 1999); *Anunobi v. Eckerd Corp.*, 2003 WL 22368153, at *5-6 (W.D. Tex. Oct. 17, 2003).

Moreover, Plaintiff ignores the fact that all the cases and letters on which he relies predate the highly compensated employee exemption, which was part of the 2004 amendments to the FLSA regulations. Of course, Plaintiff's authority does not address or contemplate highly compensated individuals who the DOL clearly anticipated would have high ratios of actual compensation to guaranteed compensation.

The pertinent DOL regulations were intended to prevent employers from taking hourly employees, whose compensation is truly dependent on the number of hours worked, and refusing to pay them overtime by implementing a "sham" base salary. They were not intended as a loophole for highly compensated professionals, legitimately paid on a salary basis, to demand time and half under the FLSA. Plaintiff should not be permitted to end run around the FLSA's professional and highly compensated employee exemptions because he has offered neither a factual nor legal basis to preclude summary judgment for Defendant.

## **CONCLUSION**

For the reasons stated herein, Defendant CVS Rx Services, Inc. respectfully requests that its motion for summary judgment be granted.

Dated: Atlanta, Georgia  
       November 19, 2010

*/s/ Nancy E. Rafuse*  
Nancy E. Rafuse  
*Admitted Pro Hac Vice*  
James J. Swartz, Jr.  
*Admitted Pro Hac Vice*  
Kristy G. Offitt  
*Admitted Pro Hac Vice*  
**ASHE, RAFUSE & HILL LLP**  
1355 Peachtree Street, N.E., Suite 500  
Atlanta, Georgia 30309-3232  
Telephone: (404) 253-6000

Facsimile: (404) 253-6060

Felice B. Ekelman (FE 5692)
**JACKSON LEWIS, LLP**
666 Third Avenue
29th Floor
New York, New York 10017
Telephone: (212) 545-4000

Counsel for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SALAH ANANI, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>     Plaintiff,<br><br>v.<br><br>CVS RX SERVICES, INC.,<br><br>     Defendant. | ) ) ) ) ) ) ) ) ) ) ) )<br><br>CV 09-05535 (ADS) (AKT)<br><br>**CERTIFICATE OF SERVICE**<br><br>November 19, 2010 |

  I hereby certify that on November 19, 2010, I served via the Court's Electronic Filing System, the foregoing **DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT** upon the following counsel of record:

    Jeffrey A. Klafter, Esq.
    Seth R. Lesser, Esq.
    Fran L. Rudich, Esq.
  KLAFTER, OLSEN & LESSER, LLP
  Two International Drive, Suite 350
    Rye Brook, New York 10573

    Bradley I. Berger, Esq.
    BERGER ATTORNEY, P.C.
     321 Broadway
    New York, New York 10007

            **ASHE, RAFUSE & HILL LLP**
            1355 Peachtree Street, N.E., Suite 500
            Atlanta, Georgia 30309-3232

            */s/ Nancy E. Rafuse*
            Counsel for Defendant